[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is the defendant, Case's motion for summary judgment. Defendant Case moves for summary judgment on the ground that the action was brought against it after the statute of limitations has expired. The plaintiff opposes the motion, claiming that because there is an issue of fact in dispute the defendant is not entitled to judgment. For reasons set forth herein, this court denies the defendant's motion. CT Page 6169
The pertinent facts are as follows. The plaintiff is an independent contractor who purchased a wheel loader from defendant Eastern Equipment t[1]. The wheel loader was manufactured by defendant Case. The loader was manufactured no later than 1967 and was sold by Case no later than 1970.
"Summary judgment shall be rendered forthwith if pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . ." (Internal quotation marks omitted.) Maffucci v. Royal Park Limited Partnership,243 Conn. 552, 554, 707 A.2d 12 (1998).
Case argues that because there is no dispute that the wheel loader left its possession more than ten years before the commencement of this action, the products liability statute of limitations, Connecticut General Statute § 52-577a(a), bars the plaintiff's claim against it. Section 52-577a(a) provides: "No product liability claim as defined in section 52-572m shall be brought but within three years from the date when the injury, death or property damage is first sustained or discovered or in the exercise of reasonable care should have been discovered or in except that, subject to subsections (c), (d) and (e), no such action may be brought against any party nor may any party be impleaded pursuant to subsection (b) later than ten years from the date the party last parted with possession or control of the product."
The plaintiff counters Case's position by arguing that subsection c of52-577a applies to the instant matter. General Statutes § 52-577a(c) provides that: "The ten year limitation provided for in subsection (a) shall not apply to any product liability claim brought by a claimant who is not entitled to compensation under chapter 568[2], provided the claimant can prove that the harm occurred during the useful life of the product."
Because it is undisputed that the plaintiff was, at the time of the incident, an independent contractor, and was not entitled to compensation pursuant to the Worker's Compensation statutes, the exception in 52-577a(c) applies. Therefore, the plaintiff may pursue his claim against Case, provided that the harm to the plaintiff occurred within the "useful safe life" of the loader. CT Page 6170
"`[W]hether the `useful safe life' of the product had expired prior to the injury is a material fact because it will make a difference in the outcome of the case by being the deciding factor in the determination as to whether or not the statute of limitations bars the action." Pasacreta v. City of Milford Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 036736 (May 27, 1993, Flynn, J.) (8 C.S.C.R. 656). Accordingly, there is a material issue of fact in dispute regarding whether this action is barred by the statute of limitations. Therefore, defendant Case's motion for summary judgment must be denied.
Robinson, J.